O’Neill, J.,
dissenting.
*524 {¶ 110} Respectfully, I dissent. For the reasons explained in my dissenting opinion in State v. Gonzales, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 73, I disagree with the decision to reconsider this case in order to vacate our prior holding. As in Gonzales, there is nothing new to reconsider here; the only thing that has changed is the makeup of this court as a result of the 2016 election. I am compelled instead to defend the constitutional right that we declared in State v. Aalim, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862 (“Aalim I”).
{¶ 111} Last term, we declared that all children, including appellant, Matthew I. Aalim, “are entitled to fundamental fairness in the procedures by which they may be transferred out of juvenile court for criminal prosecution, and an amenability hearing like the one required in the discretionary-transfer provisions of [R.C. 2152.12(B)] is required to satisfy that fundamental fairness.” Aalim I at ¶ 26. Instead of using the discretionary-transfer provisions in this case, however, the juvenile court transferred Aalim to adult court under the mandatory-transfer provisions of R.C. 2152.12(A) to face trial for aggravated robbery. The distinction is significant. The mandatory-transfer mechanism provides for a hearing only to determine whether there is probable cause to believe that the juvenile committed an enumerated serious crime and whether the juvenile was 16 or 17 years old at the time of the charged conduct. R.C. 2152.12(A)(1) and 2152.02(BB) and (CC). Under this procedure, the juvenile court does not use its expertise and discretion to determine whether this pathway to justice is appropriate for this juvenile. It is a formulaic solution to a complex situation. It is the legislature’s way of saying, “If you are a juvenile offender you will be treated fairly—unless you have committed a serious crime.” As a remedy for the violation of the constitutional right that we recognized, we reversed Aalim’s convictions and remanded the matter to the juvenile court for an amenability hearing. Aalim I at ¶ 32.
{¶ 112} We based our decision in Aalim I on the history and development of the justice system’s treatment of children charged with criminal misconduct. Id. at ¶ 14-24. Today, the majority abandons Aalim /’s acknowledgment that “children are constitutionally required to be treated differently from adults,” id. at ¶ 25. Today’s ruling carves out an exception to that different treatment for 16- and 17-year-olds who commit serious crimes. And in the process, it discards the fundamental fairness that is due to the children who are arguably most in need of a special inquiry prior to being tossed into the adult criminal-justice system.
{¶ 113} In a bygone era, children were entitled not to life, liberty, or property but merely “to custody.” In re Gault, 387 U.S. 1, 17, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Children were therefore treated by the state the same way that they *525 are treated by their parents, and children did not receive the benefit of “the requirements which restrict the state when it seeks to deprive a person of his liberty.” Id. This proved to be an intolerable state of affairs, often leading to unfair and arbitrary results. Id. at 17-22. In the modern era, courts must provide children with procedures that “ ‘measure up to the essentials of due process and fair treatment.’ ” Id. at 30, quoting Kent v. United States, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).
{¶ 114} Our holding in Aalim I, put in its simplest form, was that the state cannot establish a juvenile-justice system that purports to treat every.person under the age of 18 as a “child” until transfer has occurred, R.C. 2152.02(C), and then deny some of those children the protections of transfer procedures that “account for the differences in children versus adults.” Aalim I, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862, at ¶ 24-25.
{¶ 115} Our decision in Aalim I was grounded in principles of both procedural and substantive due process. Procedural due process requires “ ‘such procedural protections as the particular situation demands.’ ” Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), quoting Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). “The fundamental requirement of due process is the opportunity to be heard ‘at a meaningful time and in a meaningful manner.’ ” Id. at 333, quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). The government’s overriding purposes in the area of juvenile dispositions under R.C. Chapter 2152 are “to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable for the offender’s actions, restore the victim, and rehabilitate the offender.” R.C. 2152.01(A). On balance, and in light of the government’s role with regard to children, I believe that a juvenile-transfer hearing cannot be “meaningful” within the requirements of procedural due process without procedures like those found in the discretionary-transfer provisions of R.C. 2152.10(B) and 2152.12(B), which require consideration of factors relevant to the overriding purposes of the juvenile-justice system declared in R.C. 2152.01(A).
{¶ 116} Aalim I was grounded in principles of substantive due process as well. Substantive due process represents, at its core, the balance between “the liberty of the individual” and “the demands of organized society.” Poe v. Ullman, 367 U.S. 497, 542, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) (Harlan, J., dissenting). This balance between liberty and order was
struck by this country, having regard to what history teaches are the traditions from which it developed as well as the traditions from which it broke. That tradition is a living thing. A decision of this Court which *526 radically departs from it could not long survive, while a decision which builds on what has survived is likely to be sound.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellee.
Amanda J. Powell; and Timothy Young, Ohio Public Defender, and Charlyn Bohland, Assistant Public Defender, for appellant. ■
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, urging reconsideration for amicus curiae, Ohio Prosecuting Attorneys Association.
Id. In Aalim I, we recounted the numerous ways in which we, as a self-aware and ever-evolving society, have developed a new tradition: the recognition that children are childlike. See 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862, at ¶ 21-23. Liberty therefore demands special treatment for children regardless of the momentary whims of our organized society. See id. at ¶ 24-26. Our decision in Aalim I was not some radical departure from our national tradition. It was the expression of our social conscience.
{¶ 117} The new majority position has been explicitly rejected by the United States Supreme Court. See Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833, 847-848, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (“Neither the Bill of Rights nor the specific practices of States at the time of the adoption of the Fourteenth Amendment marks the outer limits of the substantive sphere of liberty which the Fourteenth Amendment protects”). The new majority in this matter approaches the development of our constitutional guarantee of due process “in a literalistic way, as if we had a tax statute before us,” instead of approaching our Constitution as what it truly is: “the basic charter of our society, setting out in spare but meaningful terms the principles of government,” Poe at 540 (Harlan, J., dissenting). For these reasons, I disagree with the majority and would leave our judgment in Aalim I undisturbed.
{¶ 118} Today’s decision is a mistake, and it should be treated that way. Aalim I was issued on December 22, 2016. From that day until today, it has been the law of Ohio that R.C. 2152.10(A) and 2152.12(A) are incompatible with the Fourteenth Amendment to the United States Constitution. Aalim I at ¶ 12-26. On that day, we held that R.C. 2152.10(A) and 2152.12(A) were not enforceable. Nothing has changed since that date other than the makeup of this court.
{¶ 119} For the foregoing reasons, I dissent.